UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

Chapter 7
Bankruptcy No.   23-31249
Adversary No.

| | |
|---|---|
| In Re:<br><br>Angeline Sarah Marie Morris,<br><br>Debtor,<br><br><br>Angeline Sarah Marie Morris,<br><br>Plaintiff,<br><br>vs.<br><br>Adventhealth Heart of Florida,<br><br>Defendant. | **ADVERSARY COMPLAINT** |

As and for her Adversary Complaint, Plaintiff Angeline Sarah Marie Morris ("Plaintiff") states and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this adversary complaint in the above-captioned case, which was filed on June 26, 2023, under Chapter 7 of Title 11, United States Code.

2. Pursuant to Federal Rules of Bankruptcy Procedure, Part VII – Adversary Proceedings, Rule 7008, Plaintiff consents to entry of final orders or judgment by this Bankruptcy Court.

3. The Court, therefore, has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns debts and property of Plaintiff and/or the

bankruptcy estate, pursuant to 28 U.S.C. § 1334. This is a core proceeding under 11 U.S.C. § 157(b)(2)(F) and venue is proper under 28 U.S.C. § 1409(a).

## INTRODUCTION

4.     This Complaint seeks to remedy violations of the Stay provisions of the Bankruptcy Code by Defendant above-named, who affirmatively continued collection activity after multiple notifications of the filing of a Chapter 7 Voluntary Petition in this case, in violation of the Stay provisions of the Bankruptcy Code, 11 U.S.C. §362.

## FACTS

5.     Plaintiff is a natural person and a debtor in this proceeding whose debts are "consumer debts" as defined in 11 USC § 101(8).

6.     Defendant has a primary place of business at 40100 U.S. Highway 27, Davenport, FL 33837, and at all times relevant herein conducted business in this district.  It is a pre-petition creditor, as the debt it is collecting originated prior to the filing of the aforesaid bankruptcy case.

7.     Sometime prior to June 26, 2023, Plaintiff incurred a financial obligation with Defendant, specifically a debt related to medical services provided by Defendant.

8.     Plaintiff filed a petition under Chapter 7 of the Bankruptcy Code on June 26, 2023.

9.     On July 12, 2023, Defendant was added to Plaintiff's bankruptcy matrix.

10.     On July 12, 2023, Plaintiff's bankruptcy attorney sent a letter to Defendant informing them of their inclusion in Plaintiff's bankruptcy.

11.   Sometime before July 26, 2023 and after July 12, 2023, Plaintiff received a statement dated July 26, 2023, from EMBCC Patient Services, a non-party in this instant case, requesting payment of $2,640.00 for services performed at Adventhealth Heart of Florida.

12.   Sometime before August 23, 2023 and after July 12, 2023, Plaintiff received a statement dated August 23, 2023, from EMBCC Patient Services, a non-party in this instant case, requesting payment of $2,640.00 for services performed at Adventhealth Heart of Florida.

13.   Sometime before September 20, 2023 and after July 12, 2023, Plaintiff received a statement dated August 23, 2023, from EMBCC Patient Services, a non-party in this instant case, requesting payment of $674.84 for services performed at Adventhealth Heart of Florida.

14.   On October 6, 2023, Plaintiff spoke with Defendant over the phone to inform them of her bankruptcy status and referred them to her bankruptcy attorney.

15.   As of the date of this complaint, Defendant's collection campaign has included numerous contacts after notice of Plaintiff's bankruptcy. Those contacts were in the form of mailed statements. In total Defendant contacted Plaintiff via mail three times since being added to Plaintiff's bankruptcy in July 2023.

16.   Defendant's actions following July 12, 2023, the date that Plaintiff's bankruptcy attorney contacted Defendant providing notice of Plaintiff's Bankruptcy, were willful and in full knowledge of Plaintiff's bankruptcy filing and the Bankruptcy Court's Automatic Stay.

17.  In its actions set forth above, Defendant has violated the stay provisions of the Bankruptcy Code, including but not limited to 11 U.S.C. §§ 362(a)(3), and 362(a)(6).

18.  Plaintiff has suffered actual damages in the form of emotional distress because of Defendant's unlawful collection communications. Plaintiff believed that she was protected by the Bankruptcy Code. Because of Defendant's unlawful and continued collection campaign, Plaintiff has suffered sleeplessness, nervousness, restlessness, irritability, feelings of hopelessness, and embarrassment.

## TRIAL BY JURY

19.  Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE BANKRUPTCY STAY PROVISION –
## 11 U.S.C. § 362(a)(3)

20.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.  Defendant violated 11 U.S.C. § 362(a)(3) by committing acts to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate, in its attempts to collect prepetition debt.

22.     As a result of Defendant's violations of 11 U.S.C. § 362(a)(3), Plaintiff has suffered actual damages not limited to sleeplessness, nervousness, restlessness, irritability, feelings of hopelessness, and embarrassment in an amount to be determined at trial.

23.     Defendant's conduct, actions, and inactions were willful, rendering it liable for damages, including costs and attorneys' fees, and punitive damages in an amount to be determined by the Court pursuant to 11 U.S.C. § 362(k)(1).

## COUNT II.

### VIOLATIONS OF THE BANKRUPTCY STAY PROVISION – 11 U.S.C. § 362(a)(6)

24.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     Defendant violated 11 U.S.C. § 362(a)(6) by committing acts to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

26.     As a result of Defendant's violations of 11 U.S.C. § 362(a)(6), Plaintiff has suffered actual damages not limited to sleeplessness, nervousness, restlessness, irritability, feelings of hopelessness, and embarrassment in an amount to be determined at trial.

27.     Defendant's conduct, actions, and inactions were willful, rendering it liable for damages, including costs and attorneys' fees, and punitive damages pursuant to 11 U.S.C. § 362(k)(1).

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays that the Court:**

a. Hold Defendant in contempt of court for knowingly, willfully, and deliberately violating 11 U.S.C. § 362(a)(3);

b. Hold Defendant in contempt of court for knowingly, willfully, and deliberately violating 11 U.S.C. § 362(a)(6);

c. Order Defendant to cease all other collection efforts against Plaintiff;

d. Award to Plaintiff compensatory damages, sanctions, punitive damages, and attorney's fees for contempt of court and pursuant to 11 U.S.C. §§ 105(a) and 362(k); and

e. Order all other relief that is just and proper.

Respectfully submitted,

Dated: February 1, 2024 /e/ Mark L. Vavreck

Mark L. Vavreck, Esq.
Attorney I.D. #: 0318619
Attorney for Debtor/Plaintiff
VAVRECK LAW, LLC
7900 International Drive, Suite 300
Bloomington, MN 55425
Telephone: (612) 373-7000
Facsimile: (612) 659-9220
Email: mark@vavrecklaw.com